FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 06, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DeERIKA FONFARA-COOPER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMMUNITY HEALTH ASSOCIATION OF SPOKANE, JANET GUTIERREZ, MELISSA GROW, ASHLIE DEL GADO,<br><br>　　　　Defendants. | No. 2:25-CV-00304-RLP<br><br>ORDER DENYING MOTION TO DISMISS AS TO DEFENDANTS DELGADO, GUTIERREZ, AND GROW and ORDER DENYING MOTION FOR ENLARGEMENT OF TIME AS MOOT |

　　　Before the Court is Defendants' FRCP 12(b)(4) Motion to Dismiss, ECF No. 5, and Plaintiff De'Erika Fonfara-Cooper's Motion for Enlargement of Time to File Response/Reply, ECF No. 10. Defendants contend that a defect in the summons served by Ms. Fonfara-Cooper means the claim against the individual defendants should be dismissed. Ms. Fonfara-Cooper filed a corrected Summons and opposes dismissal.  The Court finds Ms. Fonfara-Cooper has substantially complied with service on the individual defendants, so the Motion to Dismiss as to

ORDER DENYING MOTION TO DISMISS AND
FOR ENLARGEMENT OF TIME ~ 1

those defendants is denied as moot. Additionally, because Ms. Fonfara-Cooper has filed a response to the Motion to Dismiss within the period agreed to by the parties, the Motion for Enlargement of Time is also denied as moot.

## BACKGROUND

De'Erika Fonfara-Cooper is a former employee and patient of Community Health Association of Spokane (CHAS Health). She alleges discrimination based on race, pregnancy/disability status, and retaliation. ECF No. 1. On May 12, 2025, the EEOC issued a Determination and Notice of Rights stating that Ms. Fonfara-Cooper's charge was dismissed and her right to sue expired in 90 days. ECF No. 1-2.

On August 11, 2025, Ms. Fonfara-Cooper, appearing *pro se*, filed a complaint against CHAS Health and individual defendants Melissa Grow, Ashlie Delgado, and Janet Gutierriez, alleging violations of Title VII of the Civil Rights Act of 1964. ECF No. 1. Ms. Fonfara-Cooper was granted *in forma pauperis* status. Originally, no summons was issued or filed. No affidavits of service or waiver of service have been filed.

On September 17, 2025, a Notice of Appearance was filed by counsel for defendants. On the same date, a Motion to Dismiss was filed along with declarations from Ms. Grow, Ms. Delgado, and Ms. Gutierrez. ECF No. 5.

ORDER DENYING MOTION TO DISMISS AND
FOR ENLARGEMENT OF TIME ~ 2

1  Ms. Delgado's declaration indicates that on August 27, 2025, a deputy delivered a Summons and Complaint in this matter. ECF No. 5-1 at 1-3. Attached to her declaration is a copy of the Summons she received, which does not include the signature or stamp of the Clerk of the Court.

Ms. Grow's declaration indicates that she was served with a Summons and Complaint on September 8, 2025, and notes that the attached Summons similarly does not include the signature or stamp of the Clerk of the Court. ECF No. 5-2 at 1-3.

Ms. Gutierrez's declaration indicates that she was served with a Summons and Complaint on August 27, 2025, and that the attached Summons does not include the signature or stamp of the Clerk of the Court. ECF No. 5-3 at 2-3.

On October 23, 2025, Ms. Fonfara-Cooper filed four new Summonses with the clerk's signature and seal, one each for CHAS Health and the three individual defendants. ECF No. 9. Additionally, on November 5, 2025, Ms. Fonfara-Cooper filed an Opposition to the Motion to Dismiss, ECF No. 10, as well as a Motion for Enlargement of Time to File response/Reply, ECF no. 11.

## ANALYSIS

CHAS Health contends that Ms. Fonfara-Cooper failed to comply with the requirements for service of summons outlined in Rule 4. Rule 4(a) states that the summons must be signed by the clerk and bear the court seal. Fed. R. Civ. P.

ORDER DENYING MOTION TO DISMISS AND
FOR ENLARGEMENT OF TIME ~ 3

4(a)(1)(F)-(G). Rule 4(b) states: "[o]n or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b). A summons must be served with a copy of the complaint and service must be made within 90 days of filing the complaint. FRCP 4(c)(1), (m).

There is no question that the Summons originally served on the individual defendants in this case does not comply with FRCP 4(b) because it did not contain the Court Clerk's signature and seal. A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with FRCP 4. *Jackson v. Hayakawa,* 682 F.2d 1344, 1347 (9th Cir. 1982). If a plaintiff is unable to satisfy her burden of establishing that service was valid, the court has the discretion to either dismiss the action or retain it and quash service. *Williams v. Bellagio Hotel & Casino*, 728 F. Supp. 3d 1166, 1169-70 (D. Nev. 2024).

However, "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). Failure to comply with the service requirement of Rule 4 does not require dismissal of the complaint if (a) the party that had to be served personally received actual notice,

(b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if her complaint were dismissed. *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). These factors are considered in turn.

First, CHAS Health and the individual defendants received actual notice of the claim. Counsel filed a Notice of Appearance and this Motion to Dismiss shortly after receiving it. The individual defendants acknowledge receipt of service. ECF No. 5-1, 5-2, 5-3. Second, the defendants have not argued or alleged they would suffer any prejudice from the defect in service. ECF No. 5. *See United Food Workers v. Alpha Beta*, 736 F.2d at 1382. (indicating defective summons does not justify dismissal unless the defendant shows prejudice). Third, Ms. Fonfara-Cooper explains the omission was an error inadvertently made in good faith. She has had recent medical issues and symptoms which may have contributed to her oversight. ECF No. 10 at 4. Fourth, Ms. Fonfara-Cooper may be prejudiced by the expiration of the limitation period if this claim is dismissed because more than 90 days have passed since the EEOC letter was issued. These factors weigh in favor of liberal construction of Ms. Fonfara-Cooper's attempts to serve the Summons and Complaint.

The Court has a duty to ensure that *pro se* litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural

ORDER DENYING MOTION TO DISMISS AND
FOR ENLARGEMENT OF TIME ~ 5

requirements. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Borzeka,* 739 F.2d at 447 n. 2 (noting that plaintiff's *pro se* status weighed in favor of declining to dismiss action for insufficient service); *Clark v. Washington State Dep't of Health*, 735 F. Supp. 3d 1334, 1349-50 (W.D. Wash. 2024) ("Defendants have made an appearance in this lawsuit and do not argue that they did not receive actual notice or that they would suffer any prejudice from the defect in service. The defect was 'technical,' and [the plaintiff] would be prejudiced if she had to refile her case.").

      Most significantly, Ms. Fonfara-Cooper appears to have corrected the summons defect by filing new Summonses signed and sealed by the Court Clerk. Service of the new Summons on each of the defendants was effectuated through the Court's electronic filing system. *See* Local Civ. Rule 5(b),

      There are two additional issues. First, the Complaint served on the individual defendants did not contain the attachments to the Complaint, which include the Civil Cover Sheet form and the EEOC denial of claim letter. ECF Nos. 1-1, 1-2; ECF Nos. 5-1, 5-2, 5-3. The Court is not inclined to quash service or dismiss based on this additional technicality for the same reasons discussed above. *See Travelers Com. Ins. Co. v. Hansen*, 2016 WL 1745818, at *3-4 (N.D. Cal. May 3, 2016) (determining notice was sufficient where plaintiff served a proposed summons without clerk's signature or seal and failed to include all attachments to

ORDER DENYING MOTION TO DISMISS AND
FOR ENLARGEMENT OF TIME ~ 6

complaint; defendant filed a motion to dismiss less than a month after the complaint was filed, indicating that he had sufficient notice).

Ms. Fonfara-Cooper has substantially complied with the service requirement as to the three individual defendants. Therefore, the Motion to Dismiss based on improper service as to defendants Delgado, Gutierrez, and Grow is moot.

Second, there is no record that CHAS Health has been formally served with the Complaint, though the new Summons has been served on CHAS Health through the electronic filing system. The presumptive time in which a defendant should be served is 90 days after the Complaint is filed. L. Civ. R. 4(m). Ms. Fonfara-Cooper is referred to Local Civil Rules 3-5 and Federal Rules of Civil Procedure 3-5 for rules regarding commencing an action and serving a party represented by an attorney.

Regarding Ms. Fonfara-Cooper's Motion for Enlargement of Time, Ms. Fonfara-Cooper acknowledges her response to the Motion to Dismiss was due on October 17, 2025. ECF No. 11.  It appears that Defendants agreed to permit extension of the response deadline until November 7, 2025. ECF No. 11-1 at 6. Her response was filed on November 5, 2025. ECF No. 10. Thus, no additional extension to respond to the Motion to Dismiss is required.

ORDER DENYING MOTION TO DISMISS AND
FOR ENLARGEMENT OF TIME ~ 7

**Accordingly, IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss as to defendants Delgado, Gutierrez, and Grow, **ECF No. 5**, is **DENIED as MOOT**.

2. Plaintiff's Motion for Enlargement of Time, **ECF No. 11**, is **DENIED as MOOT.**

The District Court Executive is directed to file this Order and provide copies to counsel and Ms. Fonfara-Cooper.

DATED November 6, 2025.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE